UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LUIS LEMUS-LEMUS, | \* | CIV 11-4091 |
| | \* | CR 09-40088 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION AND |
| | \* | ORDER DENYING MOTION |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Movant, Luis Lemus-Lemus filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The United States opposes the motion. Because Movant's claim is procedurally defaulted and has no merit, his § 2255 motion will be denied.

## BACKGROUND

On July 7, 2009, Movant was charged with illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). On October 13, 2009, he pled guilty to the Indictment. Movant had a lengthy criminal history, including two prior convictions for aggravated felonies that increased his maximum sentence from two years to twenty years pursuant to 8 U.S.C. § 1326(b). The presentence investigation report ("PSR") set a base offense level of 8 for unlawfully entering the United States pursuant to USSG § 2L1.2. That offense level was increased 16 levels pursuant to USSG § 2L1.2(b)(1)(A)(i) because Movant's reentry followed a prior deportation after being convicted of a felony drug trafficking offense for which the sentence imposed exceeded thirteen months. This resulted in an adjusted offense level of 24. Movant did not file any objections to the guideline calculations. Sentencing occurred on June 28, 2010. The Court adopted the PSR's adjusted offense level of 24. After a 3-level reduction for acceptance of responsibility, the Court found a total offense level of 21. With a criminal history category of IV, Movant's advisory guideline range was 57 to 71

months. Movant was sentenced to 57 months of imprisonment and 2 years of supervised release. He did not appeal his sentence.

In this motion filed under § 2255, Movant does not challenge his prior drug trafficking conviction which resulted in the 16-level enhancement at sentencing. Rather, he argues that the 16-level enhancement under 2L1.2(b)(1)(A)(i) is unreasonable because: (1) it raises his offense level for a prior non-violent felony to the same degree as it does with much more serious and violent prior felonies such as murder; (2) his prior conviction is double-counted, as it is factored both into his criminal history category and the offense level increase; and (3) there is no justification for the high guideline enhancement for such a "mild" crime.

## DISCUSSION

A federal prisoner may seek relief from his sentence on the grounds that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," or (3) "that the sentence was otherwise subject to collateral attack." 28 U.S.C. § 2255. Neither jurisdictional nor constitutional errors are at issue here. Beyond that, "the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (citing *United States v. Addonizio*, 442 U.S. 178, 185, (1979)).

In *Sun Bear*, the Eighth Circuit noted that ordinary questions of guideline interpretation "falling short of the miscarriage of justice standard do not present a proper section 2255 claim." *Id.* (citing *Auman United States*, 67 F.3d 157, 161 (8th Cir. 1995)). The United States argues that the application of *Sun Bear* to Movant's case leads to the conclusion that Movant's sentencing argument is not cognizable under § 2255 because his current sentence is not illegal. The United States argues that Movant's claim is also

procedurally defaulted because he did not raise it on appeal. Even if Movant's claim is one of the rare errors that results in a complete miscarriage of justice and thus is cognizable under § 2255, he clearly procedurally defaulted the claim by failing to raise it on direct appeal.

It is well settled that a motion under § 2255 "is not a substitute for a direct appeal," *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994), and "will not be allowed to do service for an appeal." *Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Id.* Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may not be raised unless the defendant can demonstrate both "cause" and actual "prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009). The cause and prejudice exception does not apply, however, to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *See Anderson*, 25 F.3d at 706. In *Anderson*, the petitioner challenged his conviction and sentence for being a felon in possession of a firearm because his civil rights had been restored in connection with the three Wisconsin felonies upon which his conviction was based. *Id.* at 705. The Eighth Circuit held that this claim was procedurally defaulted because Anderson had not raised this issue on direct appeal. *Id.* at 706-07. The Court also ruled that the cause and prejudice exception could not excuse Anderson's procedural default because Anderson's claim was not a constitutional or jurisdictional one. *Id.* at 706. Likewise, in the present case, Movant's claim that the 16-level enhancement under 2L1.2(b)(1)(A)(i) should not have been applied to him is neither a constitutional nor a jurisdictional claim, and therefore is not subject to the cause and prejudice exception.

Movant does not even assert that there was cause for his default or actual prejudice, and it is clear that he could not make such a showing, even if his claims were constitutional

3

or jurisdictional in nature. No direct appeal was filed. Had he filed a direct appeal, Movant could have raised his sentencing guideline claim, and his failure to do so precludes review of that issue in a § 2255 motion, even if the issue is cognizable in such a motion.

The actual innocence exception to procedural default is also inapplicable. To take advantage of the actual innocence exception to the procedural default rule, a movant must show that "constitutional error . . . 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Movant does not claim he is actually innocent of illegal reentry after deportation, the offense to which he pled guilty. Rather, he asserts that his prior drug trafficking conviction should not have been used to increase his advisory sentencing guideline level. Consequently, it is clear that Movant's failure to raise this issue at sentencing or on direct appeal bars him from raising the claim for the first time in a § 2255 motion.

Furthermore, Movant cannot succeed on the merits of his claim. The Eighth Circuit has "squarely rejected" Movant's argument that his prior conviction is double-counted because it is factored both into his criminal history category and the offense level increase. *See United States v. Delgado-Hernandez*, 646 F.3d 562, 569 (8th Cir. 2011) (summarily rejecting claim that 16-level enhancement for being removed after a prior conviction for a crime of violence, plus receiving three criminal history points for the same conviction, constituted impermissible double-counting). *See also United States v. Myers*, 598 F.3d 474, 476 (8th Cir. 2010) (permissible to enhance base offense level for failing to register as a sex offender on account of the nature of the predicate felony of sexually assaulting a 9-year-old, and to also give criminal history points for the predicate felony). The Eighth Circuit also has recognized that the Sentencing Commission "has authority to implement is own policy judgments about the relative severity of federal crimes." *United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009). In *Barron*, the Eighth Circuit ruled that it was reasonable for the district court to accept the Commission's recommended increased base offense level for

offenses involving large-capacity semiautomatic firearms, even though it resulted in a harsher sentence than if the defendant had possessed other firearms, such as rifles or shotguns. *See id.* Empirical support for the guideline was not necessary. *See id.* at 870-71. The same reasoning applies to this Court's acceptance of the Sentencing Commission's decision to punish more severely those who illegally reenter the United States after being convicted of a prior drug trafficking felony with a sentence of over 13 months in prison. Movant's prior conviction at issue here resulted from his arrest while he was selling cocaine to an undercover officer. When he was arrested, Movant possessed not only cocaine, but also a loaded Smith and Wesson .357 revolver and a five-inch jack knife. He received a sentence of 33 months imprisonment for possession with intent to distribute, and 60 months imprisonment for use or carrying a firearm during a drug trafficking crime, with the sentences to run consecutively. Movant was deported after he was released from prison, and then he illegally reentered the United States. With a prior conviction of this nature, the 16-level enhancement was reasonable, and hopefully it will help deter Movant from illegally reentering the United States again after his next deportation.

Cases from other circuits support this Court's conclusion. In *United States v. Alvarez-Bernabe*, 626 F.3d 1161 (10th Cir. 2010), the Tenth Circuit rejected the argument that the 16-level enhancement under 2L1.2(b)(1)(A)(i) is invalid and unreasonable because it lacks a specific explanation and justification by the Sentencing Commission. *Id.* at 1165-66. The Tenth Circuit also held that the enhancement does not create unwarranted sentencing disparities, noting that the thirteen-month minimum sentence required for the prior drug trafficking felony "ensures that the crime was serious and significant, no matter what the actual sentence." *Id.* at 1167. Similarly, the Eleventh Circuit ruled that enhancements under 2L1.2(b)(1) are justified because they deter aliens who are convicted felons from returning to the United States. *See United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992). The Eleventh Circuit also rejected the claim that the enhancement results in impermissible double counting, finding that the Sentencing Commission intended for prior felonies to result

in both an increased criminal history score and a 2L1.2(b)(1) enhancement. *See id.* at 1161. *See also* USSG 2L1.2 comment. n. 6 ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points . . . ."). Based on this authority from the Eighth, Tenth and Eleventh Circuits, this Court rejects Movant's challenges to the 16-level enhancement he received at sentencing pursuant to USSG 2L1.2(b)(1)(A)(i).

Evidentiary Hearing and Certificate of Appealability

If the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that Movant's claims do not warrant relief under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

(1) That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

(2) That a Certificate of Appealability shall not issue on the claims raised in the § 2255 motion.

Dated this 29th day of January, 2013.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
(SEAL)   DEPUTY